IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND ALEXANDER RAY, | ) |
| Petitioner, | ) ) ) |
| -vs- | ) Case No. CIV-20-78-F ) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Respondent. | ) |

# ORDER

Petitioner, a state prisoner appearing *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b). After screening the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Magistrate Judge Purcell filed a Report and Recommendation, recommending that the petition be dismissed under the Younger abstention doctrine.[1]

Presently before the court is petitioner's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b), the court has conducted a de novo review of the matter. The court concurs in the analysis and recommendation of Magistrate Judge Purcell. Moreover, the court finds that petitioner has not met his heavy burden to overcome the bar of Younger abstention with his allegations of bad faith and harassment. *See*, Amanatullah v. Colorado Bd. of Medical Examiners, 187 F.3d 1160, 1165 (10th Cir. 1999). Further, petitioner has

---

[1] Younger v. Harris, 401 U.S. 37 (1971). Younger directs federal courts to, in the absence of extraordinary circumstances, refrain from interfering in ongoing state proceedings. Petitioner currently has an appeal pending with the Oklahoma Court of Criminal Appeals.

failed to demonstrate the existence of extraordinary circumstances. The court therefore accepts, adopts and affirms the Report and Recommendation in its entirety.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. When the court denies a habeas corpus petition on procedural grounds, such as in the instant case,[2] the court may issue a certificate of appealability only if the petitioner shows (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). On review, the court concludes that petitioner cannot make such showing. The court therefore concludes that a certificate of appealability should be denied.

Accordingly, the Report and Recommendation issued by Magistrate Judge Gary M. Purcell on January 30, 2020 (doc. no. 6) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** pursuant to the abstention doctrine delineated in Younger v. Harris, 401 U.S. 37 (1971). A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 28th day of February, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0078p001.docx

---

[2] Dismissal based on Younger abstention is properly considered a dismissal on procedural grounds for certification of appealability purposes. Strickland v. Wilson, 399 Fed. Appx. 391, 395 n. 5 (10th Cir. 2010) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).